IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODRICK TAYLOR, § |
| #02265231, § |
| PLAINTIFF, § |
| § |
| v. § CIVIL CASE NO. 3:20-CV-3021-M-BK |
| § |
| DALLAS COUNTY, ET AL., § |
| DEFENDANTS. § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action filed by *pro se* Plaintiff Rodrick Taylor was referred to the United States magistrate judge for case management, including issuing findings and a recommended disposition where appropriate. The Court granted Taylor's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. As detailed here, Taylor's claims should be **DISMISSED** for failure to state a claim.

I. BACKGROUND

On September 29, 2020, Taylor, a Texas state prisoner, filed a *pro se* complaint against Dallas County and Detention Officer Cameron Soller, alleging that while he was a pretrial detainee at the Dallas County Jail, his constitutional rights were violated under 42 U.S.C. § 1983. Doc. 1 at 2, 5. In the complaint, as supplemented by his *Answers to Magistrate Judge Questionnaire*, Taylor asserts that on May 20, 2019, during his trial for aggravated assault with a deadly weapon, Davion Morgan, his alleged victim, was also detained at the Dallas County Jail. Doc. 1 at 3-5; Doc. 11 at 4. Taylor avers that Soller "intentionally and knowingly placed [Taylor] in a holdover cell with [Morgan] . . . despite his knowledge that [they] were to be kept

separated[,]" and that Morgan subsequently assaulted Taylor. Doc. 1 at 5. As a result, Taylor contends "Soller acted with sufficiently culpable state of mind, with reckless disregard to [Taylor's] health and safety . . . ." *Id.* Further, Taylor avers that Soller was deliberately indifferent to his serious medical needs when he ignored his "repeated request to be seen by the Dallas County Jail Medical Department" for "excruciating pains" following Morgan's attack. *Id.*

In answer to the questionnaire, Taylor alleges the following sequence of events. Before Soller escorted Taylor back to the holdover tank, the bailiff told him that (1) Morgan was a witness in Taylor's case and was downstairs in the holding area, and (2) "to be careful." Doc. 11 at 4. Soller, however, "took [Taylor] downstairs in a rush" and "once down there . . . he just rush[ed] all [inmates] in one holding tank that was full of inmates," including Morgan. *Id.* Taylor asserts:

> [S]oon as I walked in Mr. Morgan was charging up on me landing a right fist to my left side of my jaw that cause[d] me to fall back into the metal door and hit my head which made Officer Soller and Officer Hopkin to pull me out of the cell . . . [and] put me in another cell . . . ."

*Id.*

As a result of the punch and fall, Taylor contends he experienced "excruciating pains" in his jaw, neck, and back of his head and that his "repeated requests to be taken to the Medical Department . . . were ignored." Doc. 1 at 3; Doc. 11 at 3-4. He asserts that the Dallas County Jail Medical Department examined him the following day, X-rayed his jaw, and gave him pain medication for two weeks (Tylenol #3). Doc. 11 at 3. Specifically, Taylor complains his "jaw was swol[len] and it was hard [for him] to chew" and he experienced headaches and pain in his neck "when trying to lay down or turn [his] head." Doc. 11 at 3. Taylor seeks compensatory damages and to recover the costs for this suit. Doc. 1 at 7.

For the reasons stated below, the Court concludes that Taylor fails to state a claim against Dallas County, as the physical-injury requirement of 42 U.S.C. § 1997e(e) bars his request for compensatory damages against Soller.  Thus, the complaint should be dismissed with prejudice.

## II.   ANALYSIS

Because Taylor is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Those statutes provide in part for the *sua sponte* dismissal of a complaint if the Court finds that it fails to state a claim upon which relief may be granted.  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoted case omitted)); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, Taylor's complaint should be summarily dismissed.

### A. Taylor's Claim Against Dallas County Fails

Taylor also names Dallas County as a defendant in his complaint. Doc. 1 at 2.  Dallas County may be held liable only upon a showing that an official policy or custom caused the alleged constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978).  Moreover, a county does not automatically incur Section 1983 liability for injuries caused solely by its employees, and it cannot be held liable on a *respondeat superior*

3

theory. *Id.* at 694; *Johnson v. Deep E. Tex. Reg'l Narc.*, 379 F.3d 293, 308 (5th Cir. 2004). Here, Taylor fails to identify an official policy or practice resulting in the deprivation of his constitutional rights. Doc. 11 at 8-9 (admitting claims at issue were not as a result of an official policy or custom and Dallas County is Soller's employer and, thus, should be held liable for his actions). As such, Taylor's claims against Dallas County lack facial plausibility and should be dismissed for failure to state a claim.

### B. Taylor Fails to Satisfy the Physical Injury Requirement

Taylor must show more than a *de minimis* physical injury to sustain a claim for damages for mental or emotional injury suffered while in custody as a result of the purported failure to protect and denial/delay of medical care. Under 42 U.S.C. § 1997e(e), a prisoner is prohibited from filing a civil action in federal court "for mental or emotional injury suffered while in custody without a prior showing of physical injury." See *Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 606 (5th Cir. 2008) (dismissing compensatory damages request under § 1997e(e) because the plaintiff had not alleged any physical injury); *Ruiz v. Price*, 84 F. App'x 393, 395 (5th Cir. 2003) (per curiam) (affirming dismissal of failure to protect claim when plaintiff failed to allege more than a *de minimis* injury). However, § 1997e(e) "does not limit a [plaintiff's] ability to pursue nominal and punitive damages based on" a violation of his constitutional rights. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

Taylor does not identify any serious medical need that he experienced as a result of Morgan's attack apart from headaches, neck pains, and his swollen jaw, which made it difficult to chew. Doc. 11 at 3. Thus, at most, Taylor complains of aches and pains—nothing more than a *de minimis* injury—that he concedes only required pain medication for two weeks. *Id.* Indeed, Taylor admits that his injuries were not sufficiently serious to delay his trial. Doc. 11 at 2-3, 6

(conceding the trial resumed the following day and that it lasted for three additional days). Moreover, at Taylor's trial, a defense witness admitted that "the incident occurred quickly," which aligns with Soller's testimony that "the entire incident lasted only a few seconds." Doc. 1 at 9 (including with the complaint excerpt from Taylor's direct criminal appeal brief, *see Taylor v. State*, No. 05-19-00671-CR (Tex. App—Dallas filed Mar. 23, 2020)).

Additionally, courts within the Fifth Circuit have interpreted § 1997e(e) to require more than the headache and sore jaw, neck, and back that Taylor complains of here. *See Spivey v. Wilson*, No. 5:17-CV-00094, 2019 WL 5095629, at *9 (E.D. Tex. Sept. 27, 2019), *aff'd*, 850 F. App'x 902 (5th Cir. 2021) (finding contusions and three small lacerations in back of the head, which were treated with Dermabond and three days of Tylenol for pain, were *de minimis* injuries and, thus, dispositive of failure to protect claim); *Mack v. Crites*, No. H-06-0064, 2006 WL 6584616, at *1 (S.D. Tex. Feb. 13, 2006) (concluding that bruising and minor cut were *de minimus* in nature and, thus, insufficient to support an Eighth Amendment failure to protect claim); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. Sept. 11, 1997) (holding in the context of a failure to protect claim that a "physical injury" needed to be "an observable or diagnosable medical condition requiring treatment by a medical care professional" and not a sore muscle, aching back, scratch, abrasion or bruise of the type which would not otherwise force a free-world person to seek medical care); *cf. Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 106 (5th Cir. 2002) (per curiam) (finding alleged injuries including "burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat, blistering of his skin, rapid heartbeat, mental anguish, shock and fear" were not *de minimis* injuries).

Because Taylor alleges no more than a *de minimis* injury, § 1997e(e) precludes him from recovering compensatory damages for any alleged constitutional violation. *Mayfield*, 529 F.3d at 606 (dismissing compensatory damages request under § 1997e(e) because the plaintiff had not alleged any physical injury stemming from his constitutional claims, and he sought only compensatory damages).

Further, while § 1997e(e) does not bar a plaintiff's request for punitive damages, *see Hutchins*, 512 F.3d at 198, "punitive damages may be awarded only when the defendant's conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citations omitted). Here, Taylor has alleged neither, nor does he posit any facts in support of his claims from which such an inference may be drawn. Thus, even if Taylor had sought punitive damages, his claim would likewise fail.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, for the reasons stated above, Taylor's claims against Dallas County and his request for compensatory and punitive damages against Defendant Soller are fatally flawed and cannot be cured by amendment. Consequently, granting leave to amend those claims would be futile.

However, it is not clear whether Taylor seeks nominal damages against Defendant Soller. Accordingly, the Court should grant Taylor an opportunity to amend his complaint on that limited basis if he chooses to do so. *See, e.g., Carey v. Piphus*, 435 U.S. 247, 267 (1978) (holding that plaintiff could be awarded $1 as nominal damages, in the absence of proof of other damages, if an alleged constitutional violation is established under § 1983).

## IV. CONCLUSION

For the foregoing reasons, Taylor's claim against Dallas County should be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim. Further Plaintiff's remaining claim against Defendant Soller should likewise be **DISMISSED WITH PREJUDICE** unless Taylor files an amended complaint against Soller curing the deficiencies noted above **within 14 days of this recommendation**.

**SO RECOMMENDED** on November 9, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).